IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THE TRAVELERS INDEMNITY
COMPANY,

    Plaintiff,

v.

W.M. BARR & COMPANY, INC.,
COMMERCIAL UNION INSURANCE CO.,
WESTPORT INSURANCE CO.,
ADMIRAL INSURANCE CO.,
LIBERTY MUTUAL INSURANCE CO.,
NATIONAL UNION FIRE INSURANCE
CO. OF PITTSBURGH, PA.,
ZURICH AMERICAN INSURANCE CO.,
STEADFAST INSURANCE CO.,
NORTH AMERICAN CAPACITY
INSURANCE CO.,
LEXINGTON INSURANCE CO.,
DOES 1 through 10,

    Defendants.

Case No. _____

## COMPLAINT

The Travelers Indemnity Company, by its undersigned attorneys, files this

Complaint against W.M. Barr & Company, Inc., Commercial Union Insurance Company,

Westport Insurance Company, Admiral Insurance Company, Liberty Mutual Insurance

Company, National Union Fire Insurance Company of Pittsburgh, Pa., Zurich American

Insurance Company, Steadfast Insurance Company, North American Capacity Insurance Company, Lexington Insurance Company, and Does 1 through 10, and states:

## PARTIES

1. Plaintiff The Travelers Indemnity Company ("Travelers") is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. Defendant W.M. Barr & Company, Inc. ("W.M. Barr") is a Tennessee corporation with its principal place of business in Memphis, Tennessee.

3. Defendant Commercial Union Insurance Company ("Commercial Union") is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

4. Defendant Westport Insurance Company ("Westport") is a Missouri corporation with its principal place of business in Overland Park, Kansas.

5. Defendant Admiral Insurance Company ("Admiral") is a Delaware corporation with its principal place of business in Cherry Hill, New Jersey.

6. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

7. Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a Pennsylvania corporation with its principal place of business in New York, New York.

8. Defendant Zurich American Insurance Company ("Zurich American") is a New York corporation with its principal place of business in Schaumburg, Illinois.

9. Defendant Steadfast Insurance Company ("Steadfast") is a Delaware corporation with its principal place of business in Schaumburg, Illinois.

10. Defendant North American Capacity Insurance Company ("North American") is a New Hampshire corporation with its principal place of business in Manchester, New Hampshire.

11. Defendant Lexington Insurance Company ("Lexington") is a Delaware corporation with its principal place of business in Boston, Massachusetts.

12. Does 1 through 10 are fictitious names for one or more unidentified insurance companies that issued general liability policies to W.M. Barr.

## JURISDICTION

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states, and because the amount in controversy is in excess of $75,000, exclusive of interest and costs.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because W.M. Barr's principal place of business is in Memphis, Tennessee.

## FACTS

### The Policies

15. Travelers issued the following general liability policies ("the Travelers Policies") to W.M. Barr at W.M. Barr's Tennessee headquarters:

    a. 620-327A444-2-IND73, effective 5/23/1973 to 6/1/1974;

    b. 650-131B460-4-IND74, effective 6/1/1974 to 6/1/1975;

    c. 650-131B460-4-IND75, effective 6/1/1975 to 6/1/1976; and

        d.        650-131B460-4-IND76, effective 6/1/1976 to 5/4/1977.

16. On information and belief, Commercial Union issued general liability policies to W.M. Barr effective 5/23/1965 to 5/23/1970.

17. On information and belief, Westport (as successor to Puritan Insurance Company) issued general liability policies to W.M. Barr, effective 5/4/1977 to 5/1/1979.

18. On information and belief, Admiral issued general liability policies to W.M. Barr, effective 5/1/79 to 10/1/1983.

19. On information and belief, Liberty Mutual issued general liability policies to W.M. Barr effective 10/1/1983 to 8/1/1987.

20. On information and belief, W.M. Barr self-insured for general liability for the period 8/1/1987 to 8/1/1988.

21. On information and belief, Home Insurance Company, an insolvent insurer not a party to this action, issued general liability policies to W.M. Barr effective 8/1/1988 to 8/1/1990.

22. On information and belief, National Union issued general liability policies to W.M. Barr effective 8/1/1990 to 8/1/1994.

23. On information and belief, Zurich American issued a general liability policy to W.M. Barr effective 8/1/1994 to 8/1/1995.

24. On information and belief, Steadfast issued a general liability policy to W.M. Barr effective  8/1/1995 to 8/1/1996.

25. On information and belief, North American issued general liability policies to W.M. Barr effective 8/1/1997 to 3/21/2000.

26. On information and belief, Lexington issued a CGL policy to W.M. Barr effective 3/27/2000 to 8/1/2001.

27. On information and belief, Does 1 through 10 issued general liability insurance policies to W.M. Barr for the periods 5/23/1970 to 5/23/1973, 8/1/1996 to 8/1/1997, and 8/1/2001 to the present.

28. On information and belief, all of the insurance policies identified in the preceding paragraphs were issued to W.M. Barr at its Tennessee headquarters.

## The Underlying Claims

29. W.M. Barr is or was a defendant in numerous lawsuits ("the Underlying Claims") alleging certain injuries arising from exposure to, or the release of, certain chemicals, primarily benzene, contained in certain of W.M. Barr's products. It is alleged that these injuries occurred over various periods of time.

30. W.M. Barr has demanded that Travelers pay 100% of W. M. Barr's defense and indemnity costs and expenses with respect to certain of the Underlying Claims.

31. Travelers has agreed to participate in W. M. Barr's defense of certain of the Underlying Claims while reserving its rights as to any indemnity obligations, if any, that it may have.

## COUNT I – Declaration as to Coverage Under the Travelers Policies

32. Travelers incorporates by reference the allegations of all previous paragraphs of this Complaint.

33. Each of the Travelers Policies by its terms applies only to "bodily injury" or "property damage" that occurs during its policy period. On information and belief,

each of the policies set forth in paragraphs 12 through 20 also applies by its terms only to "bodily injury" and "property damage" that occurs during the policy period.

34. To the extent that any of the Underlying Claims do not allege claims for "bodily injury" or "property damage" during the period that the Travelers Policies were in effect, Travelers has no obligation to defend W.M. Barr for those Underlying Claims.

35. To the extent that any of the individuals that have brought Underlying Claims against W.M. Barr have not suffered "bodily injury" or "property damage" during the period that the Travelers Policies were in effect, Travelers has no obligation to indemnify W.M. Barr for those Underlying Claims.

36. To the extent that any of the Underlying Claims allege claims for "bodily injury" or "property damage" both during and outside the Travelers policy period, Travelers is only obligated to pay its appropriate share of any such defense costs.

37. To the extent that any of the individuals that have brought Underlying Claims against W.M. Barr have suffered "bodily injury" or "property damage" both during and outside of the Travelers policy period, Travelers is only obligated to pay its appropriate share of any such indemnity costs that are otherwise properly recoverable by W.M. Barr.

38. An actual and justiciable controversy exists between W.M. Barr and Travelers regarding the way in which the coverage available under the Travelers Policies, if any, applies to the Underlying Claims.

WHEREFORE, Travelers respectfully requests that the Court enter judgment (1) declaring the rights of W.M. Barr and Travelers under the Travelers Policies concerning

the Underlying Claims, and (2) granting such other and further relief as justice may require.

## COUNT II – Contribution

39. Travelers incorporates by reference the allegations of all previous paragraphs of this Complaint.

40. W.M. Barr asserts that its insurers are obligated to defend and indemnify W. M. Barr with respect to the Underlying Claims. To the extent that W. M. Barr is entitled to a defense with respect to the Underlying Claims and/or to be indemnified with respect to the Underlying Claims, Travelers, W.M. Barr, and the other insurer defendants are each obligated to pay such costs consistent with their respective time on the risk.

41. Travelers is only obligated to pay costs incurred by W.M. Barr to defend lawsuits alleging "bodily injury" or "property damage" that occurred during a Travelers policy period.  W.M. Barr has demanded that Travelers pay all of its defense costs for certain Underlying Claims.  To the extent that it is determined that Travelers is initially obligated  to pay all of the defense costs with respect to any Underlying Claim where it is alleged that the "bodily injury" or "property damage" occurred during periods other than a Travelers policy period, Travelers is under common obligation with, and is entitled to contribution from, the other insurer defendants.

42. Travelers is only obligated to pay costs incurred by W.M. Barr to defend lawsuits alleging "bodily injury" or "property damage" that occurred during a Travelers policy period.  W.M. Barr has demanded that Travelers pay all of its defense costs for certain Underlying Claims.  To the extent that it is determined that Travelers is initially

obligated to pay all of the defense costs with respect to any Underlying Claim where it is alleged that the "bodily injury" or "property damage" occurred during periods other than a Travelers policy period, Travelers is under common obligation with, and is entitled to contribution from, W.M. Barr for periods when it was self-insured or uninsured, including periods when policies issued by unknown or insolvent insurers were in effect.

43. Travelers is only obligated, subject to all of the terms, conditions and exclusions of the Travelers Policies, to indemnify W.M. Barr for claims for "bodily injury" or "property damage" that occurred during a Travelers policy period. W.M. Barr has demanded that Travelers fully indemnify it for certain Underlying Claims. To the extent that it is determined that Travelers is obligated to indemnify W.M. Barr with respect to any Underlying Claim where the "bodily injury" or "property damage" occurred during periods other than a Travelers policy period, Travelers is under common obligation with, and is entitled to contribution from, the other insurer defendants.

44. Travelers is only obligated, subject to all of the terms, conditions and exclusions of the Travelers Policies, to indemnify W.M. Barr for claims for "bodily injury" or "property damage" that occurred during a Travelers policy period. W.M. Barr has demanded that Travelers fully indemnify it for certain Underlying Claims. To the extent that it is determined that Travelers is obligated to indemnify W.M. Barr with respect to any Underlying Claim where the "bodily injury" or "property damage" occurred during periods other than a Travelers policy period, Travelers is under common obligation with, and is entitled to contribution from, W.M. Barr for periods when it was

self-insured or uninsured, including periods when policies issued by unknown or insolvent insurers were in effect.

WHEREFORE, Travelers respectfully requests that the Court: (1) enter judgment in favor of Travelers and against W.M. Barr, Commercial Union, Westport, Admiral, Liberty Mutual, National Union, Zurich American, Steadfast, North American, Lexington, and Does 1 through 10 in an amount equal to each defendant's appropriate share of the cost of defending W.M. Barr against the Underlying Claims;  (2) enter judgment in favor of Travelers and against W.M. Barr, Commercial Union, Westport, Admiral, Liberty Mutual, National Union, Zurich American, Steadfast, North American, Lexington, and Does 1 through 10 in an amount equal to each defendant's appropriate share of the cost of indemnifying W.M. Barr against the Underlying Claims, if any;  and (3) granting Travelers such other and further relief as justice may require.

Dated: September 30, 2008

                                              Respectfully submitted,

                                              **CHAMBLISS, BAHNER & STOPHEL, P.C.**

                                              By: /s/  Anthony A. Jackson
                                                    Anthony A. Jackson (BPR #014364)
                                                    1000 Tallan Building, Two Union Square
                                                    Chattanooga, TN  37402-2500
                                                    Telephone:  423.756.3000
                                                    Facsimile:   423.265.9574
                                                    Emails:   bjackson@cbslawfirm.com

Of Counsel:

Lee H. Ogburn
Steven M. Klepper
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
Telephone: 410-752-6030
Facsimile: 410-539-1269